```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

UNITED STATES                              CRIMINAL ACTION

VERSUS                                     NO: 10-123

ANTHONY KNIGHT                             SECTION: "J"
```

### ORDER AND REASONS

Before the Court are Petitioner **Anthony Knight's Motion Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 36)** and the **Government's Opposition (Rec. Doc. 40).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

On May 7, 2010, Petitioner was charged with one count of being a felon in possession of a firearm, one court of assaulting a federal officer, and one count of failing to register as a sex offender. On November 18, 2010, Petitioner pled guilty to the second and third courts; the first count was to be dismissed pursuant to a plea agreement.

Petitioner filed the instant motion on March 2, 2011.

### PARTIES' ARGUMENTS

Petitioner challenges his conviction on three grounds. First, he agrees that evidence derived from an unlawful arrest relating to the issuance of an improper warrant supports his conviction. Second, he argues that his conviction was obtained by

1

violation of the protection against double jeopardy. And lastly, he alleges ineffective assistance of counsel because neither of his attorneys (one in Louisiana and one in Alabama) paid attention to what he insisted was true.

The Government opposes Petitioner's Motion on the grounds that Petitioner waived his right to appeal his conviction and sentence.

## DISCUSSION

"A defendant may waive his right to direct appeal and collateral attack of a conviction and sentence by means of a plea agreement, so long as the waiver is both knowing and voluntary." United States v. McCray, 2009 WL 1380304, at *3 (E.D. La. May 13, 2009) (citing United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005); United States v. McKinney, 406 F.3d 744, 746 (5th Cir. 2005); United States v. White, 307 F.3d 336, 343 (5th Cir. 2002). In other words, the defendant must "understand[] the nature of the right and how it would likely apply in general in the circumstances." McCray, 2009 WL 1380304, at *3 (citing United States v. Ruiz, 536 U.S. 622, 629-30 (2002).

At Petitioner's rearraignment, during which he was represented by counsel, Petitioner indicated that he read and understood the plea agreement, which contained an unambiguous waiver of appeal. Petitioner's plea agreement clearly stated:

2

> [T]he defendant hereby expressly waives his rights to appeal from his conviction and/or his sentence, including but not limited to any appeal rights conferred by Title 28, United States Code, Sections 1291, and by Title 18, United States Code, Section 3742. The defendant further waives his right to contest his conviction and/or his sentence in any collateral proceeding, including proceedings brought under Title 28, United States Code, Section 2241 and Title, United States Code, Section 2255, on any ground, except that the defendant may bring a post conviction claim if the defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver and appeal and collateral challenge rights or the validity of the guilty plea itself.

Petitioner does not even make an argument that his waiver was involuntary. The Court finds no reason to invalidate an otherwise enforceable waiver. Accordingly, Petitioner's challenges are precluded.

The Fifth Circuit has held that "an ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." White, 307 F.3d at 343. Petitioner's argument that his two attorneys did not pay attention to what he insisted is too vague to warrant relief. Petitioner does not allege that attorneys' failure to listen to him affected the validity of the waiver, nor does he allege that he failed to understand the contents of the plea or the substance of the waiver. Accordingly, Petitioner's ineffective-assistance-of-counsel arguments are also precluded by the valid waiver.

**IT IS ORDERED** that **Anthony Knight's Motion Pursuant to 28 U.S.C. § 2255 (Rec. Doc. 36)** is hereby **DENIED.**

New Orleans, Louisiana, this 17th day of June, 2011.

*[signature]*
CARL J. BARBIER
U.S. DISTRICT COURT